**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Y. Lindsey, | No. CV-26-01282-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Nikolaus Arney, et al., | |
| Defendants. | |

Pending before the Court is Defendant Maricopa County Community College District Police Department's ("MCCCD PD") Motion to Dismiss (Doc. 20), Defendants Nikolaus Arney and Kyran Brennan's Motion to Dismiss (Doc. 21), and Defendant Cory Trufant's Motion to Dismiss (Doc. 24). The matters are fully briefed and the Court now rules.

## I.    BACKGROUND

This case arises from an incident in which Andre Lamar Lindsey Jr. (the "Decedent") was shot and killed by MCCCD Police Sergeant Nikolaus Arney on March 7, 2024. (Doc. 8 at 6 ¶ 28, 11 ¶ 67, 12 ¶ 72, 20 ¶¶ 127–28, 22). Plaintiff Susan Y. Lindsey, the Decedent's mother, brings this action in her personal capacity. (Doc. 8 at 2, 24).

### A. Factual Background

Plaintiff alleges that on March 7, 2024, Defendant Arney fatally shot the Decedent while on duty as an MCCCD Police Sergeant (Doc. 8 at 6 ¶ 28, 11 ¶ 67, 12 ¶ 72, 20 ¶¶ 127–28), and that Defendant Arney's use of deadly force was not justified under the

circumstances. (Doc. 8 at 22–23). Plaintiff alleges that MCCCD Police Chief Kyran Brennan was also present during the incident, and that Defendants Arney and Brennan failed to render immediate medical assistance to the Decedent before emergency medical personnel arrived. (Doc. 8 at 23). Plaintiff further alleges that the incident was investigated by the Arizona Department of Public Safety ("DPS"), and that Detective Cory Trufant was the lead investigator. (Doc. 8 at 2, 22). Plaintiff alleges that Defendant Trufant did not properly preserve or document the handling of evidence from the investigation. (Doc. 8 at 22, 26).

### B. Procedural History

Plaintiff filed a Complaint on February 24, 2026 (Doc. 1) and subsequently filed a First Amended Complaint ("FAC") on April 9, 2026 (Doc. 8) against Defendants MCCCD PD, Arney, Brennan, and Trufant. Count 1 alleges a 42 U.S.C. § 1983 Excessive Force claim against Defendant Arney (Doc. 8 at 22); Count 2 alleges a § 1983 "Failure to Render Medical Aid" claim against Defendants Arney and Brennan (Doc. 8 at 23); Count 3 alleges a Wrongful Death claim under A.R.S. § 12-611 *et seq.* against all Defendants (Doc. 8 at 24); Count 4 alleges Negligence and Gross Negligence against all Defendants (Doc. 8 at 24); Count 5 alleges § 1983 "Municipal Liability" against Defendant MCCCD PD (Doc. 8 at 25); and Count 6 alleges a § 1983 Due Process claim against Defendant Trufant (Doc. 8 at 26).

On June 4, 2026, Defendant MCCCD PD filed a Motion to Dismiss (Doc. 20), to which Plaintiff responded (Doc. 25), and Defendant MCCCD PD replied (Doc. 29). Also on June 4, 2026, Defendants Arney and Brennan filed a Motion to Dismiss (Doc. 21), to which Plaintiff responded (Doc. 26), and Defendants Arney and Brennan replied (Doc. 28). On June 26, 2026, Defendant Trufant filed a Motion to Dismiss (Doc. 24), to which Plaintiff responded (Doc. 27), and Defendant Trufant replied (Doc. 30).

### II.    MOTION TO DISMISS LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

"[T]o survive a motion to dismiss under Rule 12(b)(6), a party must allege sufficient

- 2 -

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint will be dismissed for failure to state a claim if it lacks either "a cognizable legal theory or . . . sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

"All well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the court need not accept legal conclusions couched as factual allegations, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–80.

In considering a 12(b)(6) motion to dismiss, courts ordinarily may not consider evidence outside the pleadings without converting the motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*

Moreover, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (instructing that courts should "construe pro se filings liberally . . . , particularly in civil rights cases" (internal quotation marks and citation omitted)).

### B. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) allows a defendant to raise the defense that the court lacks jurisdiction

over the subject matter of an entire action or of specific claims alleged in the action. When considering a motion to dismiss for lack of subject matter jurisdiction, the Court takes as true the material facts alleged in the complaint. *See Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). But the Court is not restricted to the face of the pleadings; it may consider affidavits to resolve any factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment). If a defendant files a Rule 12(b)(1) motion attacking the existence of subject matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

### C. Federal Rules of Civil Procedure 12(b)(2) & 12(b)(5)

A motion to dismiss under Rule 12(b)(2) challenges the Court's personal jurisdiction over the defendant and the plaintiff bears the burden of establishing that jurisdiction is proper. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A motion under Rule 12(b)(5) challenges the sufficiency of service of process. The plaintiff likewise bears the burden of establishing that service was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

### III.     DEFENDANTS ARNEY AND BRENNAN'S MOTION TO DISMISS

Plaintiff brings a § 1983 Excessive Force claim against Defendant Arney, and a § 1983 "Failure to Render Medical Aid" claim, a state law wrongful death claim, and a state law negligence and gross negligence claim against Defendants Arney and Brennan. (Doc. 8 at 22–24). Defendants Arney and Brennan argue that Plaintiff lacks standing to sue for the federal claims, and that Plaintiff's state law claims are untimely. (Doc. 21 at 1). Defendants Arney and Brennan also argue that the FAC should be dismissed for failure to comply with Rule 8(a)(2). (Doc. 21 at 4).

### A. Section 1983 Claims

Defendants Arney and Brennan argue that Plaintiff lacks standing on the § 1983

- 4 -

excessive force claim and the § 1983 failure to render medical aid claim, and thus that the claims should be dismissed under Rule 12(b)(1). (Doc. 21 at 5).

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004); U.S. Const. Art. III, § 2, cl. 1. "In that event, the suit should be dismissed under Rule 12(b)(1)." *Cetacean Cmty.*, 386 F.3d at 1174; Fed. R. Civ. P. 12(b)(1).

In this case, excessive force claims and failure to render medical aid claims are both analyzed under the Fourth Amendment. *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010) ("Allegations of excessive force are examined under the Fourth Amendment's prohibition on unreasonable seizures."); *D'Braunstein v. California Highway Patrol*, 131 F.4th 764, 769 (9th Cir. 2025) ("[F]or persons who are detained by police in the course of an arrest, the Fourth Amendment's prohibition on the use of excessive force protects against the deprivation of necessary medical care.").

The Supreme Court has made clear that "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014) (alteration in original) (quoting *Alderman v. United States*, 394 U.S. 165 (1969)). Thus, "[o]nly [the Decedent's] estate may bring a § 1983 [claim] for the violation of his Fourth Amendment rights; his family members have no standing to sue on their own behalves." *Longoria v. Pinal Cnty.*, 873 F.3d 699, 711 (9th Cir. 2017); *see Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013) ("In § 1983 actions, . . . the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action." (alteration in original) (quoting *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998))); 42 U.S.C. § 1988(a).

"The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Hayes*, 736 F.3d at 1229 (quoting *Moreland*,

159 F.3d at 369). Arizona's survival statute provides that "[e]very cause of action," with certain exceptions not applicable here, "shall survive the death of the person entitled thereto . . . , and may be asserted by . . . the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed." A.R.S. § 14-3110. Accordingly, the proper party here would be the personal representative of the Decedent's estate. *See Burnett v. Daniels*, 185 F.3d 866, at *1 (9th Cir. 1999).

Defendants Arney and Brennan argue that Plaintiff brought this action in her personal capacity, not on behalf of the Decedent's estate. (Doc. 21 at 7). Plaintiff concedes that she is not currently the personal representative of the Decedent's estate but argues she is actively seeking appointment in probate court, and thus that dismissal is improper under Federal Rule of Civil Procedure 17(a)(3). (Doc. 26 at 5); *see* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.").

Defendants argue that even if Plaintiff is later appointed personal administrator, substitution is futile because Plaintiff would still lack standing. (Doc. 28 at 4–5). Under A.R.S. § 14-3108, probate proceedings "shall not be commenced more than two years after the decedent's death," with 4 enumerated exceptions. Plaintiff did not initiate probate proceedings within two years after the Decedent's death. (Doc. 26-1); *see Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." (citation omitted)).

As relevant here, the exception under A.R.S. § 14-3108(4) provides that a probate proceeding "may be commenced thereafter if no court proceeding concerning the succession or administration has occurred within the two year period." However, "[i]f proceedings are brought under this exception, the personal representative has no right to possess estate assets as provided in § 14-3709 beyond that necessary to confirm title thereto

in the rightful successors to the estate." A.R.S. § 14-3108(4). This means that "[i]n a tardy proceeding, the personal representative can only 'confirm title' to estate assets." *Ader v. Est. of Felger*, 240 Ariz. 32, 41 ¶ 28 (App. 2016). Thus, even if Plaintiff were to be appointed personal administrator under A.R.S. § 14-3108(4), Plaintiff would still lack standing to maintain the § 1983 claims.

Because Plaintiff lacks standing and cannot cure this jurisdictional defect, Plaintiff's § 1983 excessive force and failure to render medical aid claims are dismissed with prejudice. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."); *Ctr. for Biological Diversity v. U.S. Forest Serv.*, No. CV-23-00715-PHX-JAT, 2023 WL 7166544, at *5 (D. Ariz. Oct. 31, 2023) ("Although dismissal for lack of subject-matter jurisdiction is generally without prejudice, if there is no way a jurisdiction defect can be cured, dismissal with prejudice is proper . . . ." (citation omitted)).

### B.  State Law Claims

Defendants Arney and Brennan argue that Plaintiff's state law claims are barred because the claims are untimely and Plaintiff failed to comply with Arizona's notice of claim statute. (Doc. 21 at 8).

Under Arizona law, "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." A.R.S. § 12-821. Moreover, a plaintiff must file a notice of claim pursuant to A.R.S. § 12-821.01 within 180 days after the cause of action accrues. A.R.S. § 12-821.01(A); *Sanchez v. Maricopa Cnty.*, 260 Ariz. 136, 109 ¶ 21 (2025). It is undisputed that Defendants Arney and Brennan are public employees. *See* A.R.S. § 12-820(6). Under Arizona's notice of claim statute, "a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B); *see Satamian v. Great Divide Ins. Co.*, 257 Ariz. 163, 169 ¶ 11, 170 ¶ 13 (2024)

("Generally, a cause of action accrues, and the statute of limitations commences, when one party is able to sue another." (quotation marks and citations omitted)).

Defendants Arney and Brennan argue that Plaintiff did not serve them with notices of claim, and that the time to do so has passed because the state law claims accrued on March 7, 2024, over 180 days ago. (Doc. 21 at 8–9). Plaintiff does not dispute that she did not serve Defendants with notices of claim. Instead, Plaintiff argues that the wrongful death claim is subject to Arizona's statutory tolling provision for minors, A.R.S. § 12-502, because the Decedent's minor children are statutory beneficiaries. (Doc. 26 at 7–8); *see* A.R.S. § 12-612(A).

However, Plaintiff is the only named plaintiff in this case and brings the state law claims on her own behalf. The statutory tolling provision for minors is inapplicable to Plaintiff's claims brought on her own behalf. Additionally, even if the Decedent's minor children were named as parties to this action, a non-attorney parent or fiduciary must be represented by an attorney to maintain an action on behalf of a child. *Byers-Watts v. Parker*, 199 Ariz. 466, 470 ¶ 17 (App. 2001); *Johns v. County of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997). Moreover, Plaintiff alleges that she "adopted and assumed legal guardianship of both children." (Doc. 8 at 20 ¶ 135). Under Arizona law, "[u]pon adoption, the relationship between the child and his previous parent is 'completely severed,' and all 'legal consequences' of the relationship cease to exist." *Edonna v. Heckman*, 227 Ariz. 108, 110–11 ¶ 14 (App. 2011) (quoting A.R.S. § 8-117(B)). "[B]ecause the right to bring a wrongful death action is a 'legal consequence' of the parent-child relationship . . . , that right is lost upon adoption." *Id.* at 111 ¶ 14. Accordingly, the Decedent's biological children lack standing to bring a wrongful death action. *See id.* at 110 ¶ 11 ("We therefore conclude that the legislature intended that only those persons expressly identified in the statute would have standing to bring a wrongful death action.").

Accordingly, Plaintiff's state law claims against Defendants Arney and Brennan are untimely and therefore dismissed with prejudice. *See Crick v. City of Globe*, 606 F. Supp. 3d 912, 918 (D. Ariz. 2022) (noting dismissal for failure to comply with notice of claim

statute results in dismissal with prejudice); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 297 (9th Cir. 1990) (concluding that dismissal with prejudice was proper when "amendment would not cure the deficiencies in the complaint").[1]

## IV.    DEFENDANT TRUFANT'S MOTION TO DISMISS

Plaintiff brings a § 1983 Fourteenth Amendment Due Process claim, a state law wrongful death claim, and a state law negligence and gross negligence claim against Defendant Trufant. (Doc. 8 at 24–26). Defendant Trufant moves to dismiss all three claims for failure to state a claim. (Doc. 24 at 1).

### A.  Section 1983 Claim

Defendant Trufant argues that Plaintiff's § 1983 claim is untimely, fails on the merits, and that Defendant Trufant has qualified immunity. (Doc. 24 at 2–6).

#### i.        Statute of Limitations

"Federal courts in § 1983 actions apply the state statute of limitations from personal-injury claims and borrow the state's tolling rules." *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018); *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Felder v. Casey*, 487 U.S. 131, 134 (1988) (holding that state notice of claim statute does not apply to § 1983 claims because the state law requirements "are pre-empted as inconsistent with federal law"). The statute of limitations for personal injury claims in Arizona is two years after the cause of action accrues. A.R.S. § 15-542; *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004); *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388. "[U]nder federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004)); *Wallace*, 549 U.S. at 388 (noting a claim accrues when a plaintiff has a complete and present cause of action and can file suit and obtain relief).

---

[1] Because all claims against Defendants Arney and Brennan are dismissed for the reasons stated, the Court need not reach their additional arguments for dismissal.

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir.2006)). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir.1995). "A defendant raising the statute of limitations as an affirmative defense has the burden of proving the action is time barred." *California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995).

Plaintiff's original complaint was filed on February 24, 2026. (Doc. 1). The original complaint named DPS as a party and asserted state law claims of wrongful death and negligence against DPS. (Doc. 1 at 1–2). The original complaint did not name Trufant as a party but alleged that Trufant was the lead investigator of the incident. (Doc. 1 at 3). Plaintiff filed the FAC (Doc. 8) on April 9, 2026, naming Trufant as a party and asserting the state law claims and a new § 1983 Due Process claim against Trufant. (Doc. 8 at 1–2, 25–26).

Defendant Trufant argues that the § 1983 claim accrued when the initial incident occurred on March 7, 2024, and thus that the statute of limitations expired on March 7, 2026. (Doc. 24 at 3; Doc. 30 at 2–4). Defendant Trufant further argues that the FAC was filed after that date and does not relate back to the original complaint, and therefore that Plaintiff's § 1983 claim against Defendant Trufant is untimely. (Doc. 24 at 3; Doc. 30 at 2–4).

However, the Court finds that dismissal on limitations grounds is not appropriate because it is not apparent from the face of the complaint that Plaintiff can prove no set of facts that would establish the timeliness of the claim. Even assuming the FAC does not relate back to the original complaint, the § 1983 claim would be timely if the claim accrued on or after April 9, 2024 (within two years of when Plaintiff filed the FAC). Although the

Decedent was killed on March 7, 2024, Plaintiff's § 1983 Due Process claim arises out of the investigation that occurred after the initial incident. (Doc. 8 at 26). For example, Plaintiff alleges that Defendant Trufant failed to preserve evidence, which "was later destroyed pursuant to a limited retention policy." (Doc. 8 at 26). While Plaintiff does not indicate when the alleged violations occurred, Plaintiff's allegations indicate that the violations occurred after March 7, 2024. Defendant Trufant has not met his burden of showing that the § 1983 Due Process claim accrued prior to April 9, 2024. Accordingly, dismissal on limitations grounds is denied.

ii.    Merits

The Due Process Clause of the Fourteenth Amendment provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). Thus, "the Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property." *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

Defendant Trufant argues that Plaintiff's allegations against Defendant Trufant sound in negligence. (Doc. 24 at 3; Doc. 30 at 5–6). Plaintiff alleges in the FAC that Defendant Trufant "failed to ensure [the] preservation and production" of evidence, and that the evidence "was later destroyed pursuant to a limited retention policy." (Doc. 8 at 26). Plaintiff further alleges that "[t]he failure to preserve and maintain critical evidence, under circumstances where its evidentiary value was apparent, constitutes a violation of Plaintiff's rights to due process under the Fourteenth Amendment." (Doc. 8 at 26).

Plaintiff argues that the allegations in the FAC permit a reasonable inference of reckless disregard or deliberate indifference, and that Defendant Trufant's state of mind is a factual question not appropriately resolved in a Rule 12(b)(6) motion. (Doc. 27 at 4). However, Plaintiff does not allege that Defendant Trufant acted with deliberate or reckless

indifference to Plaintiff's life, liberty, or property. *See Davidson*, 474 U.S. at 347–48 ("[L]ack of due care . . . simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent.").

Defendant Trufant argues that even if the FAC could be construed as alleging more than negligence, Plaintiff fails to state a claim because Plaintiff has not alleged the deprivation of any constitutional right related to the investigation. (Doc. 24 at 4). Plaintiff argues that she alleged deprivation of the constitutional right of access to the courts. (Doc. 27 at 5).

In support, Plaintiff cites *Delew v. Wagner*, 143 F.3d 1219 (9th Cir. 1998). (Doc. 27 at 5). The Ninth Circuit Court of Appeals in *Delew* indicated that the denial of the right of meaningful access to the courts "is established where a party engages in pre-filing actions which effectively covers-up evidence and actually renders any state court remedies ineffective." *Delew*, 143 F.3d at 1222. The Court further explained that "[t]o prevail on their claim, the [plaintiffs] must demonstrate that the defendants' cover-up violated their right of access to the courts by rendering 'any available state court remedy ineffective.'" *Id.* (quoting *Skewel v. City of River Rouge*, 119 F.3d 1259, 1262 (6th Cir. 1997), *cert. denied*, 522 U.S. 1047 (1998)).

Here, Plaintiff has not alleged that Defendant Trufant intentionally covered up or concealed evidence surrounding the Decedent's death. At most, Plaintiff alleges that Defendant Trufant destroyed evidence "pursuant to a limited retention policy." (Doc. 8 at 26). But destruction pursuant to a policy does not amount to an intentional effort to conceal evidence or hinder Plaintiff's access to evidence. And Plaintiff does not allege that she attempted to access the evidence prior to its destruction.

Moreover, Plaintiff has not alleged that she pursued any remedies in state court. While the *Delew* Court dismissed the complaint without prejudice to allow the plaintiffs to re-file their federal claim if the pending state court remedy was in fact rendered ineffective, no such state court proceeding exists here. *See Delew*, 142 F.3d at 1223. Because Plaintiff cannot demonstrate that her state court remedies were actually rendered ineffective,

Plaintiff's claim as alleged is dismissed with prejudice.[2]

### B. State Law Claims

Defendant Trufant argues that Plaintiff's state law claims are barred by the statute of limitations and fail on the merits. (Doc. 24 at 6–10). As explained above, under Arizona law, "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward," A.R.S. § 12-821, and a plaintiff must file a notice of claim pursuant within 180 days after the cause of action accrues. A.R.S. § 12-821.01(A); *Sanchez*, 260 Ariz. 136, 109 ¶ 21 (2025). It is undisputed that Defendant Trufant is a public employee. *See* A.R.S. § 12-820(6).

Defendant Trufant argues that Plaintiff did not file a notice of claim within 180 days of March 7, 2024. (Doc. 24 at 7). Plaintiff does not dispute that she did not serve Defendant Trufant with a notice of claim. Instead, Plaintiff again argues that Arizona's statutory tolling provision for minors, A.R.S. § 12-502, is applicable. (Doc. 27 at 6). For the reasons explained above, the statutory tolling provision for minors is inapplicable to Plaintiff's claims. Therefore, Plaintiff's state law claims are untimely.

Moreover, Defendant Trufant's conduct during the post-shooting investigation cannot give rise to a wrongful death claim because there is no circumstance in which conduct that occurred *after* the Decedent's death can be said to have caused the Decedent's death. *See* A.R.S. § 12-611 (allowing wrongful death actions against the party who caused the death).

Accordingly, Plaintiff's state law claims against Defendant Trufant are dismissed with prejudice. *See Crick*, 912 F.2d at 297; *Reddy*, 912 F.2d at 297.

---

[2] Defendant Trufant additionally asserts that he is entitled to qualified immunity. (Doc. 24 at 5). Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In deciding if qualified immunity applies, the Court must determine: (1) whether the facts alleged show the defendant's conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 230–32, 235–36 (2009) (courts may address either prong first depending on the circumstances in the particular case). The Court has already determined that the alleged facts do not show that Defendant Trufant violated a constitutional right. Therefore, Defendant Trufant is entitled to qualified immunity on the § 1983 Due Process claim alleged in the FAC.

## V.    DEFENDANT MCCCD PD'S MOTION TO DISMSISS

Plaintiff brings a § 1983 "Municipal Liability" claim, a state law wrongful death claim, and a state law negligence and gross negligence claim against Defendant MCCCD PD. (Doc. 8 at 23–25). Defendant MCCCD PD argues that it is a non-jural entity that lacks the capacity to be sued. (Doc. 20 at 1). The Court agrees.

Under Arizona law, governmental entities possess only those powers delegated by their enabling statutes. *Schwartz v. Superior Court*, 925 P.2d 1068, 1070 (Ariz. Ct. App. 1996); *Kimball v. Shofstall*, 494 P.2d 1357, 1359 (Ariz. 1972). While Arizona municipalities are public entities subject to suit, a municipality's police department is a sub-unit of the municipality and not a separate legal entity. *See* A.R.S. § 12-820 *et seq.*; *Sanchez v. Maricopa County*, 260 Ariz. 136, 140 ¶ 2 (2025) (noting the county "sheriff's office is a non-jural entity"); *Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008); *Correa v. Glendale Police Dep't*, 2023 WL 315290, at *3 (D. Ariz. Jan. 19, 2023) (holding that the Glendale Police Department is not a jural entity subject to suit); *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (county sheriff's office is a non-jural entity that is not subject to suit).

No Arizona statute confers upon MCCCD PD the capacity to sue or be sued. Plaintiff does not dispute this point. (Doc. 25). Moreover, because MCCCD PD is a non-jural entity that cannot sue or be sued, service upon it is a legal nullity regardless of the manner of service. *See White v. Glendale Police Dep't*, No. CV-25-04995-PHX-JAT (ASB), 2026 WL 1196756, at *4 (Mar. 18, 2026). Accordingly, Plaintiff's claims against MCCCD PD are dismissed with prejudice under Rule 12(b)(2) and 12(b)(5).

### A.  Leave to Amend

Plaintiff requests leave to amend to substitute the proper governmental entity. (Doc. 25 at 2). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (internal quotation marks and citation omitted); *Reddy*, 912 F.2d at 296 ("It is not an abuse of discretion to deny leave

to amend when any proposed amendment would be futile."); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

For the reasons explained previously in this Order, Plaintiff's state law claims are untimely, and therefore allowing Plaintiff leave to amend the state law claims would be futile. Additionally, Plaintiff's § 1983 *Monell* claims allege violations of the Decedent's Fourth Amendment rights. (Doc. 8 at 25). Thus, Plaintiff lacks standing to bring the § 1983 *Monell* claims for the same reasons explained above. Because leave to amend to substitute the proper governmental entity would be futile, Plaintiff's request for leave to amend is denied.

## VI.    CONCLUSION

Accordingly,

**IT IS ORDERED:**

(1) Defendants Arney and Brennan's Motion to Dismiss (Doc. 21) is **granted**.

(2) Defendant Trufant's Motion to Dismiss (Doc. 24) is **granted**.

(3) Defendant MCCCD PD's Motion to Dismiss (Doc. 20) is **granted**.

(4) Plaintiff's request for leave to amend (Doc. 25) is **denied**.

(5) The Clerk of Court shall enter judgment accordingly.

Dated this 5th day of August, 2026.

James A. Teilborg
Senior United States District Judge

- 15 -