**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Susan Y Lindsey,<br>Plaintiff,<br>v.<br>Nikolaus Arney, et al.,<br>Defendants. | No. CV-26-01282-PHX-JAT<br>**ORDER** |

Plaintiff Susan Lindsey has filed an unopposed motion under Federal Rule of Appellate Procedure ("Appellate Rule") 24(a)(1), seeking leave to proceed in forma pauperis on appeal. (Doc. 36). The Court now rules.

## I. BACKGROUND

On August 6, 2026, the Court granted Defendants Nikolaus Arney and Kyran Brennan's motion to dismiss (Doc. 21), Defendant Cory Trufant's motion to dismiss (Doc. 24), and Defendant Maricopa County Community College's District Police Department's ("MCCCD PD") motion to dismiss (Doc. 20). (Doc. 31 at 15). The Court also denied Plaintiff's motion for leave to amend her complaint (Doc. 25). (*Id.*)

Shortly after, Plaintiff filed a notice of appeal (Doc. 35), and the present motion for leave to proceed in forma pauperis on appeal (Doc. 36).

## II. DISCUSSION

Appellate Rule 24(a) provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." In addition, the party

must file an affidavit detailing the party's inability to pay, the claims entitled to redress, and the issues the party intends to present on appeal. Fed. R. App. P. 24(a)(1). If a party was permitted to proceed in forma pauperis in the district court action, then that party may generally proceed in forma pauperis on appeal without further authorization. Fed. R. App. P. 24(a)(3). Since Plaintiff did not move to file in forma pauperis in the district court action, she must make the requisite showing under Appellate Rule 24(a) to proceed in forma pauperis on appeal.

**A. Plaintiff's Inability to Pay**

Although a plaintiff is not required to be absolutely destitute to receive the benefit of filing in forma pauperis, the privilege is reserved for the truly impoverished litigant who would remain without legal remedy if such status was not granted. *See Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). Whether to grant a request to proceed in forma pauperis is within the Court's discretion. *See Williams v. Field*, 394 F.2d 329, 332 (9th Cir. 1968).

Here, Plaintiff reports her monthly income as $9,618.50, with $6,490.16 of this income coming from an adoption subsidy and $2,098.30 coming from disability payments. (Doc. 36 at 2). Plaintiff estimates her monthly expenses total $8,414.00. (*Id.* at 7). This leaves a remaining disposable monthly income of $1,204.50 after all expenses. Within Plaintiff's $8,414.00 in monthly expenses is $770.00 for recreational and entertainment expenses. (*Id.* at 6). The Court finds that between Plaintiff's $770.00 in monthly entertainment expenses and $1,204.50 in monthly disposable income, Plaintiff can pay the filing fee for the appeal and still afford the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted) ("An affidavit in support of an [in forma pauperis] application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). Thus, the motion to proceed in forma pauperis on appeal will be denied because the Court finds that Plaintiff is not impoverished.

**B. Whether Plaintiff's Appeal is Brought in Good Faith**

Alternatively, "[a]n appeal may not be taken in forma pauperis if the trial court

certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). And a district court "shall dismiss the case at any time if the court determines that the appeal is frivolous or fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2) (citation modified). The phrase "fails to state a claim on which relief may be granted" of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (holding that a plaintiff "must allege facts, not simply conclusions, that show that an individual was personally involved in [injurious conduct].").

Plaintiff seeks to raise two issues on appeal: (1) whether the Court erred by dismissing the action without granting her the ability to amend her complaint and (2) whether the Court adequately considered Plaintiff's personal interests arising from the parent-child relationship and whether amendment should have been permitted to clarify the federal constitutional basis for those interests. (Doc. 36 at 1). The crux of her appellate issues is whether the Court erred in denying her leave to amend.

Plaintiff brought her now-dismissed amended complaint against Defendants in April 2026. (Doc. 8). Count 1 alleges a 42 U.S.C. § 1983 Excessive Force claim against Defendant Arney. (*Id.* at 22). Count 2 alleges a § 1983 "Failure to Render Medical Aid" claim against Defendants Arney and Brennan. (*Id.* at 23). Count 3 alleges a "Wrongful Death" claim under A.R.S. § 12-611 *et seq.* against all Defendants. (*Id.* at 24). Count 4 alleges "Negligence and Gross Negligence" against all Defendants. (*Id.* at 24). Count 5 alleges § 1983 "Municipal Liability" against Defendant MCCCD PD. (*Id.* at 25). Count 6 alleges a § 1983 Due Process claim against Defendant Trufant. (*Id.* at 25-26). Defendants filed their own respective motions to dismiss. (Doc. 20; Doc. 21; Doc. 24).

The Court dismissed Counts 1 and 2, finding that Plaintiff lacked standing on her § 1983 excessive force claim and § 1983 failure to render medical aid claim. (Doc. 31 at 7). Because these claims are analyzed under the Fourth Amendment, only the decedent's estate may bring a § 1983 claim; individual family members have no standing to sue on their own behalves. *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010) (excessive force

analyzed under the Fourth Amendment); *D'Braunstein v. Cal. Highway Patrol*, 131 F.4th 764, 769 (9th Cir. 2025) (deprivation of medical care analyzed under the Fourth Amendment); *Longoria v. Pinal Cnty.*, 873 F.3d 699, 711 (9th Cir. 2017) (affirming dismissal of family member § 1983 claims).

Plaintiff needed to show that Arizona law authorized a survival action and that she satisfied Arizona's requirements for bringing such action. *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1228–29 (9th Cir. 2013). Although Plaintiff conceded she was not the personal representative, she argued she could later be appointed and therefore dismissal would be improper. (Doc. 26 at 5). But A.R.S. § 14-3108 contains a two-year statute of limitations for initiating probate proceedings, absent four exceptions. One exception under A.R.S. § 14-3108(4) could possibly apply here: an informal probate proceeding "may be commenced if no court proceeding concerning the succession or administration has occurred within the two year period." A.R.S. § 14-3108(a)(4). However, even if Plaintiff were appointed as personal representative, she would still lack standing to pursue the § 1983 claims because this exception only allows for the personal representative to "confirm title to estate assets." A.R.S. § 14-3108(a)(4); *see also Adver v. Est. of Felger*, 240 Ariz. 32, 41, ¶ 28 (App. 2016). Thus, Plaintiff failed to state a claim upon which relief can be granted, and amendment would be futile because Plaintiff lacks standing.

The Court next found Plaintiff's state law claims as to Counts 3 and 4 against Defendants Arney, Brennan, and Trufant were untimely. (Doc. 31 at 8, 13). A.R.S. § 12-821 requires all actions against public employees to be brought within one year after the cause of action accrues. And persons with claims against a public employee shall file a notice of claim within one hundred eighty days after the cause of actions accrues, otherwise the cause of action "is barred and no action may be maintained." A.R.S. § 12-821.01(A). Here, Defendants Arney and Brennan are public employees, *see* A.R.S. § 12-820(6), and Plaintiff failed to service them with notices of claim; the time to do so has passed since the state law claims accrued in March 2024. (Doc. 8 at 2, 12).

Plaintiff argued the statute of limitations should be tolled because her minor children

are statutory beneficiaries. (Doc. 26 at 7-8). This Court found the tolling provision under A.R.S. § 12-502 for minors inapplicable because Plaintiff brought her state law claims on her own behalf and not on behalf of her minor children. (Doc. 31 at 8). To the extent Plaintiff intends to raise on appeal that she has "personal interests arising from her parent-child relationship" with her minor children, this argument does not change the fact that statutory tolling for minors does not apply here because Plaintiff brought the suit on her own behalf. (Doc. 36 at 1). Thus, Plaintiff's state law claims are untimely and any amendment would be futile.

The Court then dismissed Count 6, finding Plaintiff failed to state a claim under § 1983 against Defendant Trufant. (Doc. 31 at 11-13). Plaintiff argued she sufficiently alleged deprivation of the constitutional right of access to the courts. (Doc. 27 at 5). *Delew v. Wagner*, 143 F.3d 1219, 1222–23 (9th Cir. 1998), held that to prevail on her claim, the plaintiff "must demonstrate that the defendants' cover-up violated [her] right of access to the courts by rendering 'any available state court remedy ineffective.'" Plaintiff did not allege that Defendant Trufant intentionally covered up or concealed evidence, nor did she allege that she pursued any remedy in state court. Thus, because Plaintiff cannot demonstrate Defendant Trufant concealed evidence that actually rendered state court remedies ineffective, amendment would be futile.

Finally, the Court dismissed Counts 3, 4, and 5 as to Defendant MCCCD PD after finding MCCCD PD was a non-jural entity that lacks capacity to be sued. (Doc. 31 at 14). A municipality's police department is a sub-unit of the municipality, not a separate legal entity. *See* A.R.S. § 12-820 *et seq.*; *Hardeman-Crossan v. Phoenix Police Dep't*, No. CV-26-03397-PHX-KML, 2026 WL 1469142, at *2 (D. Ariz. May 26, 2026) (noting that the Phoenix Police Department is a "non-jural entity" that cannot be sued). Thus, because MCCCD PD does not have the capacity to be sued, any amendment would be futile.

Because the Court has not found that "at least one issue or claim" Plaintiff presents for appeal is "non-frivolous," *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002), the Court certifies that the proposed appeal is not taken in good faith under 28 U.S.C. §

1915(a)(3). *See Nakanwagi v. City of Flagstaff*, No. CV-23-08543-PCT-MTL, 2024 WL 5514987, at *1–2 (D. Ariz. Feb. 29, 2024) (finding issues presented for appeal in motion to proceed in forma pauperis were not taken in good faith after analyzing the District Court's findings on its grant of the defendant's motion to dismiss).

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion to Proceed in forma pauperis (Doc. 36) is **denied**.

**IT IS FURTHER ORDERED** directing the Clerk of the Court, pursuant to Federal Rule of Appellate Procedure 24(a)(4), to immediately notify Plaintiff and the Ninth Circuit Court of Appeals of this Order. The Court advises Plaintiff that she may seek leave to proceed in forma pauperis on appeal by filing such a motion in the Ninth Circuit Court of Appeals within 30 days of service of this Order. Fed. R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

Dated this 21st day of September, 2026.

James A. Teilborg
Senior United States District Judge